J. DARSIE LLOYD, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 71445.   Promulgated January 10, 1936.

*Lee I. Park, Esq.*, and *George M. Thompson, Esq.*, for the petitioner.

*Dewitt M. Evans, Esq.*, and *John Morosky, Esq.*, for the respondent.

904

OPINION.

MURDOCK: The petitioner completely disposed of 2,499 shares of Harold Lloyd Corporation stock in 1930. The question is whether he realized from the transaction any gain taxable in 1930. Section 111 of the Revenue Act of 1928 provides that the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis. The basis here has been stipulated. The amount realized is defined in section 111 (c) as "the sum of any money received plus the fair market value of the property (other than money) received." The petitioner received no money on April 16, 1930, when he parted with his stock. He received $75,000 in cash later in 1930 under the agreement. Unless the amount realized included property (other than money) having a fair market value, there was no taxable gain for 1930 from the transaction, since the cash did not equal the basis of $122,567.68. The petitioner received the promise of his son, Harold, expressed in the contract, to make certain annual payments of money in the future. Did that represent property having a fair market value within the meaning of section 111 (c)?

The petitioner did not give his stock to his son. The transfer was supported by a valuable consideration, the promise and agreement to make payments in the future. We are not called upon to determine the cost of the stock to Harold but rather to determine whether the petitioner received any property having a fair market value on April 16, 1930, upon which an immediately taxable gain should be

computed. Sometimes it is necessary to determine a value for a certain tax purpose but not for another, and sometimes the two sides of a transaction do not receive parallel tax treatment. *Logan* v. *Commissioner*, 42 Fed. (2d) 193, and the same case affirmed by the Supreme Court, *Burnet* v. *Logan*, 283 U. S. 404; *Alexander D. Falck*, 26 B. T. A. 1359; affd., 71 Fed. (2d) 656; certiorari denied, 293 U. S. 608. Cf. *Steinbach Co.*, 3 B. T. A. 348; *John C. Moore Corporation*, 15 B. T. A. 1140; *Florence L. Klein*, 6 B. T. A. 617; *Scott* v. *Commissioner*, 29 Fed. (2d) 472; *Simpson* v. *United States*, 252 U. S. 547. Where marketable exchangeable promises to pay are accepted as a part of a purchase price, their fair market value is included in the " amount realized " and a taxable gain is realized immediately. Cf. *Ruth Iron Co.*, 4 B. T. A. 1151; affd., 26 Fed. (2d) 30; and *Kosmerl* v. *Commissioner*, 25 Fed. (2d) 87. But promises to make future payments do not always have an exchangeable value (*Eisner* v. *Macomber*, 252 U. S. 189) and are not always income when received. *Bedell* v. *Commissioner*, 30 Fed. (2d) 622; *Dudley T. Humphrey*, 32 B. T. A. 280. In such cases the actual payments as made are taxed as income when received in excess of the basis. The petitioner reported his profit in that way.

The fair cost of an annuity based upon experience tables giving life expectancies can be determined by actuaries. A similar method would have to be used in order to estimate the present value of an annuity to the annuitant. But here a new element enters the computation, the uncertainty as to whether or not the one agreeing to make payments will be able to make them as agreed when the time for payment actually arrives. This difficulty might not be so great in the case of a sound insurance company regularly engaged in granting annuities or, perhaps, in the case of a bank. Cf. *Guaranty Trust Co. of New York, Executor*, 15 B. T. A. 20. Laws have been enacted to safeguard investors of such institutions. But that kind of an annuity is not involved in this case. Harold C. Lloyd was an individual. He was wealthy in 1930 but he was not engaged in the business of granting annuities, and his investments were not subject to restrictions and supervision as are those of insurance companies and banks. The evidence shows that the contract of April 16, 1930, whereby Harold C. Lloyd promised and agreed to make future payments to his father, the petitioner, had no fair market value within the meaning of section 111 (c) when received by the petitioner on April 16, 1930. Cf. *Helvering* v. *Louis*, 77 Fed. (2d) 386, reversing 29 B. T. A. 1200; *Commissioner* v. *Newbury*, 80 Fed. (2d) 631. The Commissioner erred in including any gain from the transaction in the petitioner's income for 1930.

*Decision will be entered under Rule 50.*